UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY E. WINDEKNECHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-293 JAR |
| ) | |
| MISSOURI DEPARTMENT OF MENTAL ) | |
| HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon two motions filed by self-represented plaintiff Larry E. Windeknecht. First, plaintiff seeks leave to commence this action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Second, plaintiff seeks leave to amend his complaint. ECF No. 3. The Court will grant plaintiff's motion to amend and direct him to file his amended complaint on the court-provided form within thirty (30) days of this Order.

### Background

Plaintiff Larry E. Windeknecht is a civilly committed resident at the Southeast Missouri Department of Mental Health in Farmington, Missouri. Plaintiff was declared a sexually violent predator under Missouri's Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 – 632.513, in April 2018 by a unanimous jury verdict in Cape Girardeau, Missouri. *In re Larry Windeknecht*, No. 16CG-PR00247 (32nd Jud. Cir., Aug. 25, 2016).

According to Missouri Case.net, the State of Missouri's online docketing system, plaintiff was incarcerated with the Missouri Department of Corrections prior to his civil commitment.

Plaintiff was sentenced to seven years after pleading guilty to attempted enticement of a child in May 2010. *State v. Windeknecht*, No. 09JE-CR04532 (23rd Jud. Cir., guilty plea May 21, 2010). According to plaintiff, he went directly from incarceration to detention as he "was never released from the Missouri Dept. of Corr. but was instead transported to a County Jail." ECF No. 1 at 4.

### The Complaint

Plaintiff brings this civil action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 – 12203(a), and the Rehabilitation Act, alleging violations of his civil rights against three defendants: (1) Missouri Department of Mental Health ("DMH"), Sex Offender Rehabilitation and Treatment Services ("SORTS"); (2) nurse Kathy Hammond; and (3) Bill Anderson.[1] ECF No. 1 at 1. Plaintiff brings official capacity claims against DMH-SORTS and both individual and official capacity claims against employee defendants Hammond and Anderson. *Id.* at 1-2.

### Motion to Amend

After filing his initial complaint, on April 2, 2020, plaintiff filed a motion to amend the complaint. ECF No. 3. Plaintiff did not attach a proposed amended complaint to the motion. Plaintiff asks the Court to "allow the filing of plaintiff's amended pleading" to include three additional defendants named "in both their individual and official capacities as Respondent / Defendant Superiors." *Id.* at 2. These additional defendants are: Mark Stringer (Director of DMH), Joe Easter (Nursing Manager),[2] and Denise Hacker (Chief Operating Officer at Southeast

---

[1] Plaintiff lists these three defendants in the caption of his complaint and then the words "et al." *See* ECF No. 1 at 1. Under Federal Rule of Civil Procedure 10(a), the caption "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The Court notes that plaintiff makes allegations against other individual defendants in his complaint – who are not named defendants in this matter – including: Mr. Charles McIntyre and Mrs. Patricia Koppeis. *Id.* at 3, 12. The Court warns plaintiff that his amended complaint must specifically name all defendants.

[2] Although plaintiff does not explain who Joe Easter is in his motion to amend, an exhibit to his initial complaint states his job title as "Nursing Manager." ECF No. 1-3 at 2.

Missouri Mental Health Center). The argument provided in support of the motion to amend as to adding these defendants is that:

> Defendants will not be prejudiced by Plaintiff's amended pleading because the respondent/defendant superiors were negligent in their failing to hire [and] train [an] ADA Coordinator when this facility opened in 1998-99, after receiving the matching funds from the Federal Government to do likewise.

*Id.* at 2.

## Discussion

Under the Federal Rules, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). As such, the Court will grant plaintiff's motion to amend. However, the Court reminds plaintiff to file his amended complaint on a court-provided form, as required by the Local Rules of this Court. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all other pleadings, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must type, or very neatly print, the amended complaint.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* litigants are obligated to plead specific facts as to each named defendant and must abide by the Federal Rules of Civil Procedure. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed. R. Civ. P. 8(d)(1) (each claim shall be simple, concise, and direct); Fed. R. Civ. P. 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff

is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. The allegations in the complaint must show how every defendant is directly responsible for the alleged harms. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. Because plaintiff is proceeding *in forma pauperis*, plaintiff is advised the Court will review the amended complaint under 28 U.S.C. §§ 1915 and 1915A, and related authority.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff's motion to amend [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall to mail to plaintiff a blank copy of the Court's Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 19th day of May, 2020.

                                                    _/s/ John A. Ross_
                                                    JOHN A. ROSS
                                                    UNITED STATES DISTRICT JUDGE